UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
MICHAEL JOHNSON and MANUEL GONZALEZ

              Plaintiffs,

    -against-

CITY OF NEW YORK and NEW YORK CITY POLICE
OFFICER SHAWN KALLOFF and NEW YORK CITY
POLICE OFFICER(S) "JOHN/JANE DOE",

             Defendants.
----------------------------------------x

**VERIFIED COMPLAINT**

09 4099

BLOCK, J.

Plaintiffs, MICHAEL JOHNSON and MANUEL GONZALEZ, by their attorney, DUANE C. FELTON, complaining of the Defendants, respectfully shows and alleges as follows:

FIRST:  This action is brought pursuant to 42 U.S.C. § 1983 and § 1988. Jurisdiction is founded upon 28 U.S.C. § 1331 and § 1334. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law.

SECOND:  That at all times mentioned herein, the Plaintiffs, MICHAEL JOHNSON and MANUEL GONZALEZ, were and still are residents of the County of Richmond, City and State of New York.

THIRD:  That at all times hereinafter mentioned, the Defendant, CITY OF NEW YORK, was and still is a municipal corporation duly organized and existing under the laws of the State of New York.

FOURTH:  That at all times hereinafter mentioned, the Defendant, CITY OF NEW YORK, was and still is a municipal

corporation doing business in the State of New York.

FIFTH: Upon information and belief, at all times relevant to this complaint, the individual Defendant, NEW YORK CITY POLICE OFFICER SHAWN KALLOFF, (hereafter described as "P.O. SHAWN KALLOFF", was and still is a New York City police officer employed by the Defendant, CITY OF NEW YORK.

SIXTH: Upon information and belief, at all times relevant to this complaint, the individual Defendants, NEW YORK CITY POLICE OFFICER(S) "JOHN/JANE DOE", (hereafter described as "P.O. "JOHN/JANE DOE"", were and still are New York City police officers employed by the Defendant, CITY OF NEW YORK.

SEVENTH: That upon information and belief and at all times hereinafter mentioned, the individual Defendants were acting within the course of their employment and/or official policy, practice, custom or usage of the Defendant, CITY OF NEW YORK, and under color of state law, that is, under color of the Constitution, statutes, laws, ordinances, rules, regulations customs and usages of the United States, City and State of New York.

EIGHTH: That the Plaintiffs sue the Individual Defendants in their individual and official capacities.

NINTH: That 42 U.S.C. § 1983 provides that every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of

Columbia, subjects or causes to be subjected any citizen of the United states or other person within the jurisdiction thereof the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

TENTH: That on or about May 1, 2008, the individual defendants were working in plain clothes as part of a special investigation team. As part of the investigation, the defendants went to 57 Britton Street, Staten Island, New York, and attempted to enter the residence without announcing themselves as police officers.

TWELFTH: That upon hearing a commotion at his door, plaintiff, Manuel Gonzalez, confronted the as-yet-unidentified police officer and demanded that he leave his premises.

THIRTEENTH: That plaintiff Michael Johnson was approaching the residence at 57 Britton Street and saw the confrontation between plaintiff Gonzalez and the defendants. The confrontation between plaintiff Gonzalez and the defendant escalated into a physical scuffle outside of 57 Britton Street, resulting in the arrest of plaintiffs Michael Johnson and Manuel Gonzalez by the defendants.

FOURTEENTH: That no illegal item(s) or contraband were found on the Plaintiffs' bodies or persons.

FIFTEENTH:     That each of the plaintiffs were charged with robbery, assault, criminal possession of a weapon, resisting arrest and unlawful possession of marijuana.

SIXTEENTH:     Plaintiff Manuel Gonzalez was arraigned on the above charges and bail was set in the amount of $1,000. He remained incarcerated for 60 hours before being released on bail. Plaintiff Michael Johnson was arraigned on the above mentioned charges and bail was set in the amount of $1,000 and he was held in custody for 48 hours.

SEVENTEENTH:   That after more than ten appearances in the Richmond Criminal court, all criminal charges against both Plaintiffs were dismissed.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS

EIGHTEENTH:    That the Plaintiffs repeat and reallege the allegations contained in paragraphs "FIRST" through "SEVENTEENTH" of the complaint with the same force and effect as if fully set forth herein.

NINETEENTH:    That upon information and belief, the Defendants' illegal and unlawful search, arrest, detainment, and imprisonment of the Plaintiffs' bodies/persons, was illegal, unreasonable, reckless, without a warrant nor probable cause, and

was a violation and deprivation of the Constitutional rights of the Plaintiffs as secured by the Fourth and Fourteenth Amendments of the Constitution of the United States, 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

TWENTIETH: That as a proximate result of the aforesaid acts and omissions by the Defendants, the Plaintiffs have suffered general and pecuniary damages.

TWENTY-FIRST: That the acts of the individual defendants as described herein were intentional, wanton, malicious, oppressive, negligent, grossly negligent and/or reckless, thus entitling Plaintiffs to an additional award of punitive damages against the said Individual Defendants in their individual capacities.

TWENTY-SECOND: That the Defendants are liable to the Plaintiffs pursuant to 42 U.S.C. § 1983 and § 1988.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS

TWENTY-THIRD: That the Plaintiffs repeat and reallege the allegations contained in paragraphs "FIRST" through "SEVENTEENTH" of the complaint with the same force and effect as if fully set forth herein.

TWENTY-FOURTH: That the individual Defendants, acting in their individual capacities and under color of law, having conspired with others, reached a mutual understanding and

intentionally acted to undertake a course of conduct that violated Plaintiffs' civil rights, in violation and deprivation of the Constitutional rights of the Plaintiffs as secured by the Fourth and Fourteenth Amendments of the Constitution of the United States, 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

TWENTY-FIFTH: That as a proximate result of the aforesaid acts and omissions by the Defendants, the Plaintiffs have suffered general and pecuniary damages.

TWENTY-SIXTH: That the acts of the Individual Defendants as described herein were intentional, wanton, malicious, oppressive, negligent, grossly negligent and/or reckless, thus entitling Plaintiffs to an additional award of punitive damages against the said Individual Defendants in their individual capacities.

TWENTY-SEVENTH: That the Defendants are liable to the Plaintiffs pursuant to 42 U.S.C. § 1983 and § 1988.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS

TWENTY-EIGHTH: That the Plaintiffs repeat and reallege the allegations contained in paragraphs "FIRST" through "SEVENTEENTH" of the complaint with the same force and effect as if fully set forth herein.

TWENTY-NINTH: That the aforesaid actions of the individual Defendants constitute intentional infliction of emotional distress

on the Plaintiffs under the laws of the City, State of New York.

THIRTIETH: That as a proximate result of the aforesaid acts and omissions by the Defendants, the Plaintiffs have suffered both general and pecuniary damages and severe emotional distress.

### AS AND FOR A FOURTH CAUSE OF ACTION
### AGAINST THE INDIVIDUAL DEFENDANTS

THIRTY-FIRST: That the Plaintiffs repeat and reallege the allegations contained in paragraphs "FIRST" through "SEVENTEENTH" of the complaint with the same force and effect as if fully set forth herein.

THIRTY-SECOND: That the individual Defendants were negligent, careless, reckless, and/or grossly negligent in the performance of their police duties in, searching, arresting, and imprisoning the Plaintiffs.

THIRTY-THIRD: That as a proximate result of the aforesaid acts and omissions by the Defendants, the Plaintiffs have suffered both general and pecuniary damages.

THIRTY-FOURTH: That the Defendants are liable to the Plaintiffs under the laws of the City and State of New York.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST THE CITY OF NEW YORK

THIRTY-FIFTH: That the Plaintiffs repeat and reallege the allegations contained in paragraphs "FIRST" through "SEVENTEENTH" of the complaint with the same force and effect as if fully set

forth herein.

THIRTY-SIXTH: That as the employer of the individual Defendants at the times of their negligent conduct as set forth herein, the Defendant, CITY OF NEW YORK, is liable to the Plaintiffs under the laws of the State of New York.

THIRTY-SEVENTH: That as a proximate result of the aforesaid acts and omissions by the Defendants, the Plaintiffs have suffered general and pecuniary damages.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST THE CITY OF NEW YORK

THIRTY-EIGHTH: That the Plaintiffs repeat and reallege the allegations contained in paragraphs "FIRST" through "SEVENTEENTH" of the complaint with the same force and effect as if fully set forth herein.

THIRTY-NINTH: That the Defendant, CITY OF NEW YORK, was negligent in the hiring, supervision, training, and instruction of the individual Defendants.

FORTIETH: That as a direct and proximate result of the deliberate indifference, carelessness, and or recklessness of the Defendant, CITY OF NEW YORK, toward the proper training and supervision of its police officers/employees, the Plaintiffs have been deprived of their rights under the Fourth and Fourteenth Amendments of the United States Constitution, Sections § 1983 and

§ 1988 of Title 42 of the United States Code, and under the laws of the City, and State of New York.

FORTY-FIRST:   That as a proximate result of the aforesaid acts and omissions by the Defendants, the Plaintiffs have suffered both general and pecuniary damages.

FORTY-SECOND:   A jury trial of all issues is demanded.

WHEREFORE, Plaintiffs request judgment against Defendants, P.O. SHAWN KALLOFF, NEW YORK CITY POLICE OFFICER(S) "JOHN/JANE DOE" and CITY OF NEW YORK, as follows:

1. As against the individual Defendants, General and Compensatory damages in the sum of ONE MILLION DOLLARS ($1,000,000.00) on the First, Second, Third, and Fourth causes of action,

2. As against the individual Defendants, punitive damages in the sum of ONE MILLION DOLLARS ($1,000,000.00) on the First and Second causes of action, and

3. As against Defendant, CITY OF NEW YORK, General and Compensatory damages in the sum of ONE MILLION DOLLARS ($1,000,000.00) on the First and Second causes of action asserted against it, and

4. Reasonable attorney's fees, pursuant to 42 U.S.C.A § 1988,

5. the costs of this action,

6.  and such other and further relief as may be just and proper.

Dated:  July 14, 2009
        Staten Island, NY

*/s/ Duane C. Felton*
DUANE C. FELTON
*Attorney for Plaintiffs*
805 Castleton Avenue
Staten Island, NY 10310

10